UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KABA ABOUBACAR,

                                    Plaintiff,

                         -against-

THE CITY OF NEW YORK, THE PORT AUTHORITY
OF NEW YORK and NEW JERSEY, P.O. GILBERT
RAMOS, Tax Identification No. 047309, Individually and
in his Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently
unknown),

                                    Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

        Plaintiff KABA ABOUBACAR, by his attorneys, COHEN & FITCH LLP, complaining

of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff KABA ABOUBACAR is an African American male and has been at all relevant times a resident of Bronx County in the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      Defendant, THE PORT AUTHORITY OF NEW YORK and NEW JERSEY, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.      Defendant, THE PORT AUTHORITY OF NEW YORK and NEW JERSEY, maintains the Port Authority of New York and New Jersey Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting

under the direction and supervision of the aforementioned municipal corporation, the Port Authority of New York and New Jersey.

11.      At all times hereinafter mentioned P.O. GILBERT RAMOS and P.O.s JOHN DOE #1-10, were duly sworn police officers of the New York City Police Department and/or the Port Authority of New York and New Jersey Police Department and were acting under the supervision of said department and according to their official duties.

12.      At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and/or defendant THE PORT AUTHORITY OF NEW YORK and NEW JERSEY.

14.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK and/or defendant THE PORT AUTHORITY OF NEW YORK and NEW JERSEY.

## FACTS

15.      On or about March 16, 2014, at approximately 4:55 p.m. in the County, City, and State of New York, the plaintiff, KABA ABOUBACAR, was lawfully present in the vicinity of 625 8th Avenue, New York, NY.

16.      At the aforesaid time and place, plaintiff – who had just finished his cab driving shift – was legally parked in a taxi rest area, when defendants approached plaintiff, began to question him, and then demanded that he pick up another fare, despite the fact he was off-duty.

17.    In response, to the defendants' demands, plaintiff informed the defendants that his shift had ended and that he was off-duty. Notwithstanding, the defendants demanded that plaintiff pick up another fare and informed plaintiff that if he did not do so, he would arrested and taken to jail.

18.    Thereafter, defendants asked plaintiff for identification. As such, plaintiff handed the defendants his I.D. However, upon doing so, plaintiff – who previously had a legal name change – realized that he had accidently handed the defendants an old I.D. which contained his prior name. Upon this realization, which occurred less than a minute after plaintiff initially provided identification, plaintiff immediately handed the defendants the correct I.D. – which contained his new legal name – and calmly attempted to explain to defendants that he had legally changed his name and that he had accidently handed them his old I.D.

19.    Nonetheless, defendants claimed the identification plaintiff had provided was forged and then handcuffed plaintiff's arms tightly behind his back, placed him inside of a police vehicle, and transported him to a police precinct inside of the Port Authority Bus Terminal.

20.    Thereafter, defendants charged plaintiff with Obstructing Governmental Administration.

21.    At no time on March 16, 2014, did the plaintiff obstruct government administration or behave unlawfully in any way.

22.    At no time on March 16, 2014, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

23.    At no time on March 16, 2014, did defendants possess probable cause to arrest plaintiff.

24.     At no time on March 16, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25.     Subsequently, defendants searched plaintiff, shackled his ankles to a chair and one (1) of his arms to a wall, and confined him in a holding cell without his consent.

26.     In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office – namely, the defendants falsely informed prosecutors that plaintiff was operating a NYC cab, was on-duty, and was stopped by defendants for refusing to take passengers. In addition, defendants also falsely claimed that when the plaintiff was asked for his license he provided two different licenses with two different names and then refused to answer any questions as to what his real name was and thus prevented the defendants from issuing him a TLC summons.

27.     As a result of his unlawful arrest and prosecution, the plaintiff spent approximately sixteen (16) hours in police custody before being released when the New York County District Attorney's Office declined to prosecute him on March 16, 2014, prior to criminal court arraignment.

28.     As a result of his unlawful arrest, the plaintiff missed one (1) day of work.

29.     As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York, the Port Authority of New York and New Jersey, the New York City Police Department, and the Port Authority of New York and New Jersey Police Department, all under the supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

37.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely

imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

38.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

39.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the Port Authority of New York and New Jersey, the New York City Police Department, and the Port Authority of New York and New Jersey Police Department include, but are not limited to, the following unconstitutional practices:

    i.     arresting individuals regardless of probable cause in order to inflate the officer's

arrest statistics; and

    ii.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii.  fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

43.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Port Authority of New York and New Jersey, the New York City Police Department, and the Port Authority of New York and New Jersey Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

44.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Port Authority of New York and New Jersey, the New York City Police Department, and the Port Authority of New York and New Jersey Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

45.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Port Authority of New York and New Jersey, the New York City Police Department, and the Port Authority of New York and New Jersey Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

46.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

47.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

48.    The acts complained of deprived the plaintiff of his right:

    a.    Not to be deprived of liberty without due process of law;

b.      To be free from seizure and arrest not based upon probable cause;

c.      Not to have summary punishment imposed upon him; and

d.      To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
        November 6, 2015

BY:      _____/S_____
        JOSHUA FITCH
        GERALD COHEN
        ILYSSA FUCHS
        COHEN & FITCH LLP
        *Attorneys for Plaintiff*
        233 Broadway, Suite 1800
        New York, N.Y. 10273
        (212) 374-9115
        jfitch@cohenfitch.com
        gcohen@cohenfitch.com
        ifuchs@cohenfitch.com